Estate of MALI KORNBLUTH, Appellant, *v.* BENJAMIN BRAND, Respondent.

(Supreme Court, Appellate Term, First Department, November Term — Filed December, 1921.)

Landlord and tenant — summary proceedings — holdover — lease for store purposes only — tenant removed, though residing there.

A lease of premises to be used only for business purposes may not by judicial interpretation be converted into a lease for dwelling purposes.

Where premises were leased to be used only for a grocery store, the landlord in summary proceedings against the tenant as a holdover is entitled to possession even though the tenant occupied the rear portion of the premises for dwelling purposes, and an order dismissing the proceedings will be reversed and a final order awarding the landlord possession of the premises will be granted.

APPEAL by the landlord from a final order of the Municipal Court of the city of New York, borough of Manhattan, second district, dismissing his petition for the removal of the tenant as a holdover.

Benjamin Koenigsberg, for appellant.

Samuel S. Breslin, for respondent.

WHITAKER, J. The landlord entered into a lease with the tenant of the westerly store in premises No. 353 East Tenth street and the rooms in the rear thereof and the basement underneath with the appurtenances, for the term of two years and nine months from the 1st day of August, 1918, to April 30, 1921.

There is the following provision in the lease: " And the said party of the second part further covenants and agrees to use said rented premises only for a grocery store." There is one bedroom and a kitchen in the back which tenant lives in. The term has expired and the owner seeks by this proceeding to regain possession of the store and basement. The tenant has a wife and lives in the back, having a bed in the kitchen and using the bedroom for storage.

The tenant's counsel stated as follows: " The man is a grocer, he lives in the rear and there is no entrance to the room except through the store."

The court: " If that is the case I will find it is a dwelling and comes under the same category as a dwelling-house. Where there is any person living in any part of the premises it is considered a dwelling apartment."

The court has entirely disregarded the express terms of the lease, and has simply by interpretation converted a lease for business purposes into a lease for dwelling purposes. The question of whether the tenant may retain the portion of the leased premises occupied by him as a dwelling is not now before us, but certainly the landlord is entitled to regain possession of the store and basement.

The affirmance of this judgment would establish the principle that a person leasing business property for business purposes, by simply using a small portion thereof for dwelling purposes, may retain possession of the entire property during the life of the statute

irrespective of the terms of his lease and in disregard of the rights of the owner.

The final order should be reversed, with ten dollars costs, and final order directed awarding the landlord possession of the premises.

Lehman and Delehanty, JJ., concur.

Order reversed.